**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE L. PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> CITIMORTGAGE, INC., <br><br> Defendants. | Case No. 1:19-cv-00889 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Honorable Maria Valdez <br> Magistrate Judge |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, JOSE L. PEREZ, through counsel, SULAIMAN LAW GROUP, LTD., submitting his first amended complaint against Defendants, CITIMORTGAGE, INC. alleging as follows:

**NATURE OF THE ACTION**

1. This action seeks damages for CitiMortgage's willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"); 15 U.S.C. § 1681 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. JOSE L. PEREZ ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

1

7.  CITIMORTGAGE, INC. ("CitiMortgage") is a foreign corporation with its principal place of business located in O'Fallon, Missouri.

8.  CitiMortgage is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

9.  On August 25, 2011, Plaintiff executed a mortgage (the "Mortgage") in favor of Citibank, N.A.

10. The Mortgage secured the purchase of Plaintiff's personal residence located at 621 2565 Springdale Circle, Naperville, Illinois 60564 (the "Property").

11. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $244,700.00 (the "Loan").

12. On October 31, 2016, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

13. Simultaneously with the voluntary petition, Plaintiff filed his Chapter 13 plan. Plaintiff's plan provided for the Property to be surrendered to CitiMortgage.

14. Plaintiff's Chapter 13 Plan (the "Confirmed Plan") was confirmed on January 6, 2017.

15. Plaintiff successfully completed plan payments in accordance with his confirmed Chapter 13 plan.

16. On October 15, 2018, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiffs under 11 U.S.C. § 1328(a).

17. Plaintiff's discharge by operation removed Plaintiff's personal liability on indebtedness owed to CitiMortgage.

18. On November 5, 2018, Plaintiff noticed that CitiMortgage continued to report Plaintiff's discharged Loan as "150+ days late" to Equifax Information Services, LLC ("Equifax").

19. On November 6, 2018, Plaintiff mailed a credit dispute letter to Equifax requesting that this be investigated .

20. On November 15, 2018, Equifax sent an automated consumer dispute verification ("ACDV") to CitiMortgage.

21. On November 16, 2018, Equifax responded to this ACDV by continuing to report Plaintiff as "180 or more days past due date."

22. Moreover, Equifax failed to report Plaintiff's Loan as "discharged through bankruptcy."

## DAMAGES

23. CitiMortgage's erroneous reporting of the Loan continues to paint a false and damaging image of Plaintiff.

24. Specifically, CitiMortgage continues to report the Loan (six figure amount) as delinquent, when in fact the Loan was discharged in bankruptcy.

25. As a result of CitiMortgage's actions and inactions, Plaintiff's bankruptcy discharge and fresh start have been considerably frustrated.

26. The inaccurate and incomplete reporting of the Loan continues to have significant adverse effects on Plaintiff's credit rating and his ability to obtain credit because it creates a false impression that Plaintiff is in default on the Loan and is still obligated to pay on the Loan, rendering Plaintiff a high-risk consumer and damaging his creditworthiness.

27. Moreover, CitiMortgage's derogatory reporting of the Loan has led Plaintiff to believe that his bankruptcy discharge had no legal effect and that he is still personally liable for the Loan.

28. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit opportunity, and his ability to move forward after his bankruptcy discharge.

29. CitiMortgage's inaccurate reporting has discouraged Plaintiff from applying for credit as he knows the derogatory reporting of the Loan will result in the denial of credit.

30. As a result of the conduct, actions, and inaction of CitiMortgage, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time and energy expended meeting with his attorneys to enforce compliance with the Fair Credit Reporting Act, tracking the status of his disputes, and monitoring his credit file.

31. CitiMortgage's continued inaccurate reporting of Plaintiff's Loan has resulted in anxiety, mental anguish, and the expenditure of time and monies (i.e. postage, credit report fees) associated with (1) the dispute process and (2) the credit monitoring process.

32. Plaintiff has been forced to file this case to compel CitiMortgage to report Plaintiff's Loan accurately, thus incurring attorney's fees and costs.

## **CLAIMS FOR RELIEF**

**Count I:**
**CitiMortgage's violation(s) of 15 U.S.C. § 1681 *et seq.***

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

### A. CitiMortgage's failure to conduct an investigation

35. 15 U.S.C. § 1681s-2(b)(1) provides

> "[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> > (A) Conduct an investigation with respect to the disputed information;
> >
> > (B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);
> >
> > (C) Report the results of the investigation to the consumer reporting agency;
> >
> > (D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> >
> > (E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
> >
> > > (i) Modify that item of information;
> > >
> > > (ii) Delete that item of information; or
> > >
> > > (iii) Permanently block the reporting of that item of information.

36. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), CitiMortgage received Plaintiff's dispute letter from Equifax.

37. CitiMortgage violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

38. CitiMortgage violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

39. Had CitiMortgage conducted a reasonable investigation, CitiMortgage would have discovered that Plaintiff's Loan was discharged through bankruptcy.

40. CitiMortgage violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

41. CitiMortgage violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information or delete that item of information.

42. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

6

43. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

    (1)    any actual damages sustained by the consumer as a result of the failure; and

    (2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

44. CitiMortgage's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

    A.    find CitiMortgage in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

    B.    award any actual damages to Plaintiff as a result of CitiMortgage violation;

    C.    award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

    D.    award any punitive damages, as the Court may allow;

    E.    award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

    F.    award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 12, 2019

Respectfully submitted,

**JOSE L. PEREZ**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com